Edward S. Snow, et als., In Equity,

*vs.*

Edward K. Gould, Adm'r., et. als.

Knox.    Opinion October 15, 1920

*Bill in equity for specific performance.   Bill dismissed.    Appeal.*

This is an appeal from the final decree of the sitting Justice dismissing a bill in equity brought to compel specific performance of a written contract between appellants and defendant's intestate.

*Held:*

1.  The sitting  Justice made no  finding of fact, but having before  him all  the witnesses and documentary evidence, and considering as he must have the appellee's claim of fraud, rescission, and abandonment, it is very clear that the decree is well founded, and especially so upon the grounds of rescission on the part of defendant's intestate, and abandonment upon the part of the appellants.

2.  The last section of the contract declares "that the intention of the agreement was to make a final settlement of all matters which are now somewhat in doubt, and to form a basis for the settlement of the estate of Lucy A. Snow,"—an intent necessarily to settle with defendant's intestate during her life, and not with her administrator,—and to settle in a reasonable time an intestate estate then being settled in Probate Court.   Waiting more than four years under such circumstances is in itself evidence of abandonment.

3.  In an appeal from the decision of a sitting Justice, the appellant has the burden of showing the decree to be clearly wrong, especially when the credibility of witnesses is an issue.   In this case the credibility of the witnesses was an important issue.   The sitting Justice had the advantage of observation of the persons testifying, and their testimony weighed by him must have aided in forming his judgment.   It is sufficient to say that the testimony as a whole satisfies us that the decree of the sitting Justice is justified by the record.

On Appeal.   A bill in equity to compel specific performance of a written contract between appellants and defendant's intestate. The cause was heard on amended bill, answers, replication and proofs,

and the bill was dismissed by the sitting Justice. From which final decree an appeal was taken. Appeal dismissed.

Case stated in the opinion.

*Charles T. Smalley,* for plaintiff.

*Edward K. Gould,* for defendant.

SITTING: CORNISH, C. J., HANSON, PHILBROOK, MORRILL, WILSON, JJ.

HANSON, J. This is an appeal from the final decree of the sitting Justice dismissing a bill in equity brought to compel specific performance of a written contract between appellants and defendant's intestate. The contract follows:—

"THIS AGREEMENT made at Rockland, Maine, May 17, 1912.

WHEREAS: Owing to the death of the late Lucy A. Snow, it is deemed necessary and expedient to adjust certain matters at issue between Lavinia M. Snow and the heirs of Lucy A. Snow.

There are certain papers of record at the Knox County Register of Deeds consisting of deeds, assignments, mortgages and bonds for deeds executed to Lucy W. Snow, Lavinia M. Snow and C. G. Moffitt and now standing by assignment in the name of Lavinia M. Snow.

It is the intent of this agreement to make a settlement of all these matters as they pertain to Lavinia M. Snow and Lucy A. Snow, in order to avoid confusion in the settlement of both estates in the future.

Following is the agreement:

FIRST: That the deed to Lavinia M. Snow of the interest of Lucy A. Snow in the South Marine Railway shall stand and remain the sole property of Lavinia M. Snow.

SECOND: A mortgage of sixteen Hundred Twenty-one (1621) Dollars, and interest at five per cent (5 per cent), shall be executed on the property known as the Pleasant Street Property, in favor of Lavinia M. Snow.

THIRD: The said Lavinia M. Snow agrees to deed back to the Lucy A. Snow heirs certain quarry property covered by deed, now recorded at Knox County Register of Deeds, to Lucy W. Snow and assigned to Lavinia M. Snow, also to cancel or discharge a mortgage in favor of Caleb G. Moffitt and assigned to Lavinia M. Snow for

Five Hundred (500) Dollars, also a mortgage for Fifteen Hundred (1500) dollars in favor of Lucy W. Snow and assigned to Lavinia M. Snow, both on the Pleasant Street Property.

By this agreement it is intended to make a final settlement of all the matters which are now somewhat in doubt, and to form a basis for the settlement of the estate of Lucy A. Snow."

The record shows that in November, 1912, while the condition of the parties remained as before the contract, defendant's intestate declined to carry out the terms of the contract and repudiated the same. Correspondence followed in which Edward S. Snow inquired the "reason" for such refusal, and on receiving an answer wrote defendant's intestate as follows:—

"Boston, Mass.

Dear Aunt Lavinia,

Your kind note at hand and noted. I do not blame you one mite and I have already taken the matter up with Annie and something will be done. Do not sign the deeds as we understand the matter until you get ready. In fact in thinking the matter over I have decided that it is better to leave it as it is until we can talk it over. If you should sign now it would only make trouble. Mary would get hers, sell it to any one right away and it might make trouble for us all. Regarding the trouble you are having it is a shame and I shall see what I can do. Mary will have to be brought up here or you can come up to our house if you prefer and let them stay there. Regarding the deeding of the quarry property the signing of the agreement is binding to all of us there is no need to do anything about it now. I prefer to let it wait and I am glad you did not make out any deeds to the individual heirs. Perhaps when it is done it can be arranged so that it can not be sold without the consent of the other owners or of the administrator. Wouldn't you like to come up and stop with us this winter. Would you be willing to buy the part of the house Annie deeded to C. W. Snow. This would settle the whole matter and would prevent Mary from being there.

Sincerely yours,

E. S. SNOW."

There was oral testimony on each side as to the circumstances attending the contract, and from the record it appears that from the date of the above letter until the demand upon the defendant before the bringing of the bill, no steps were taken to enforce any claim or right under the contract. The defendant's intestate died about four and one-half years after the date of the contract.

During these years Edward S. Snow does not appear to have sought an interview with his aunt "to talk over" her refusal to sign deeds or in any manner to have the terms of the contract complied with.

The sitting Justice made no finding of fact, but having before him all the witnesses and documentary evidence, and considering as he must have the appellee's claim of fraud, rescission, and abandonment, it is very clear that the decree is well founded, and especially so upon the grounds of rescission on the part of defendant's intestate, and abandonment upon the part of the appellants.

The last section of the contract declares "that the intention of the agreement was to make a final settlement of all matters which are now somewhat in doubt, and to form a basis for the settlement of the estate of Lucy A. Snow." An intent necessary to settle with defendant's intestate during her life, and not with her administrator, and to settle in a reasonable time an intestate estate then being settled in Probate Court. Waiting more than four years under such circumstances is in itself evidence of abandonment.

In an appeal from the decision of a sitting Justice, the appellant has the burden of showing the decree to be clearly wrong, especially when the credibility of witnesses is an issue. In this case the credibility of the witnesses was an important issue. The sitting Justice had the advantage of observation of the persons testifying, and their testimony weighed by him must have aided in forming his judgment. It is sufficient to say that the testimony as a whole satisfies us that the decree of the sitting Justice is justified by the record. *Hartley* v. *Richardson,* 91 Maine, 424.

*Appeal dismissed.*